UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHARTER OAK FIRE INSURANCE COMPANY,

                Plaintiff,

-against-

REPUBLIC FRANKLIN INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------------X

Civil Action No.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, CHARTER OAK FIRE INSURANCE COMPANY ("Charter Oak"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant, REPUBLIC FRANKLIN INSURANCE COMPANY ("Republic"), alleges upon information and belief as follows:

### Nature of the Action

1.  In this action, Charter Oak seeks a declaration that Republic is obligated to defend and to indemnify JRM Construction Management, LLC ("JRM") and DOLP 825 II LLC ("DOLP") in connection with an underlying action asserting claims for injuries allegedly sustained by Felix Del Cid (the "Claimant"). The incident allegedly occurred on or about March 7, 2023, at a construction project located at 825 Third Avenue in New York, New York (the "Project").

### Parties

2.  At all times relevant hereto, Charter Oak was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Republic was and is an Ohio corporation with a principal place of business in Columbus, Ohio.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

6. An actual and justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Republic.

7. Plaintiff Charter Oak has no adequate remedy at law.

## The Insurance Policies

8. Charter Oak issued an insurance policy to JRM providing commercial general liability coverage for the policy period April 20, 2022, to April 20, 2023, under policy no. VTC2O-CO-7K029422-COF-22 (the "Charter Oak Policy").

9. Subject to certain terms, conditions, and exclusions, the Charter Oak Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. Upon information and belief, Defendant Republic issued an insurance policy to Emerald Tile & Marble Inc. ("Emerald") providing commercial general liability coverage for the policy period January 1, 2023, to January 1, 2024, under policy no. CPP 5427618 (the "Republic Policy").

11. Upon information and belief, subject to certain terms, conditions, and exclusions, the Republic Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12. Upon information and belief, the Republic Policy contains a **CONTRACTORS LIABILITY EXTENSION PLUS ENDORSEMENT** (form no. 8E 3799NY), which provides, in relevant part:

> **11. ADDITIONAL INSUREDS – BY CONTRACT, AGREEMENT OR PERMIT – INCLUDING LESSOR OF LEASED EQUIPMENT, OWNER OF LEASED LAND, MANAGERS OR LESSORS OF PREMISES, ENGINEERS, ARCHITECTS AND SURVEYORS ADD VENDORS**
>
> The following is added to **SECTION II – WHO IS AN INSURED**:
> a. **Additional Insureds – By Contract, Agreement or Permit**
>
> (1) Any person or organization with whom you have entered into a written contract, agreement or permit requiring you to provide insurance such as is afforded by this Commercial General Liability Coverage Form will be an additional insured, but only:
> (a) To the extent that such additional insured is held liable for acts or omissions committed by you or your subcontractors during the performance of your ongoing operations for the additional insured. . . .
>
> . . .
>
> (2) Such insurance as is provided by paragraph **a.(1)** for any additional insured will be primary, if so required by the written contract, agreement or permit. Any other insurance available to such person or organization shall be excess over this insurance.

13. Upon information and belief, the Republic Policy also contains an **Additional Insured – Owners, Lessees or Contractors – Automatic Status for Other Parties when required in Written Construction Agreement** endorsement (form no. CG 20 38 (04 13)), which provides in relevant part:

> **SECTION II – Who Is An Insured** is amended to include as an additional insured:

3

> 1. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy, and;
> 2. Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph 1. above.
> Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
>> a. Your acts or omissions; or
>> b. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured.
>> However, the insurance afforded to such additional insured described above:
>> a. Only applies to the extent permitted by law; and
>> b. Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

14. Upon information and belief, the Republic Policy also contains a PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION endorsement (form no. CG 20 02 04 13), which provides in relevant part:

> The following is added to the Other Insurance Conditions and supersedes any provision to the contrary:
>
> **Primary And Noncontributory Insurance**
>
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>
> **(1)** The additional insured is a Named Insured under such other insurance; and
> **(2)** You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

## Background Facts

15. S.T. Rud Construction ("S.T. Rud") owns the location where the Project took place.

4

16. S.T. Rud entered into a Work Order ("Work Order") with JRM for JRM to perform work on the Project.

17. JRM (as "Contractor") and Emerald (as "Subcontractor") entered into a Master Subcontractor Agreement (the "Subcontract") to perform work on various projects with an effective date of July 30, 2020, with a term of five (5) years. A true copy of the Master Subcontractor Agreement is attached hereto as Exhibit "A."

18. Pursuant to the terms of the Subcontract, Emerald agreed to procure commercial general liability coverage, as detailed in Exhibit A to that agreement.

19. Exhibit A to the Master Subcontract Agreement, titled "Subcontractor's Basic Insurance Coverage" provides that Emerald shall maintain coverage as required by Purchase Order.  *See* Ex. A at Exhibit A.

20. Exhibit A to the Master Subcontract Agreement further provides that "Contractor," and JRM specifically, among other entities, are to be named as additional insureds on Emerald's general liability, excess, and certain other policies.  *See* Ex. A at Exhibit A.

21. Exhibit A to the Master Subcontract Agreement also provides that the coverage obtained by Emerald:

> shall contain endorsements providing that these policies are primary to and non-contributing with, any other insurance carried by, or for the benefit of, Contractor . . . or any other party required to be named as an Additional Insured under this Agreement and the Purchase Order.  It is intended by the parties that this provision shall mean that Subcontractor's primary and excess layers of insurance will respond first and completely, prior to any other insurance responding that is carried by, or for the benefit of the Contractor . . . or any other party required to be named as Additional Insured under this Agreement and Purchase Order.

*See* Ex. A at Exhibit A.

22. JRM issued a purchase order (the "Purchase Order") to Emerald to perform work on the Project. A true copy of the Purchase Order, issued on November 21, 2022, is attached hereto as Exhibit "B."

23. The Purchase Order specifically references work at the Project. *See* Ex. B.

24. The Purchase Order specifically states that it is "issued pursuant and subject to the Master Subcontract Agreement dated 7/30/2020 . . . between JRM . . . and Emerald . . ." *See* Ex. B.

25. The Purchase Order incorporates multiple documents by reference, including "Exhibit D, JRM Insurance Requirements." *See* Ex. B.

26. Exhibit D to the Purchase Order requires Emerald to add various entities, including JRM and DOLP, as additional insureds on a primary and non-contributory basis as required by written contract. *See* Exhibit D to Ex. B.

27. On or about March 7, 2023, Claimant alleges he was working at the Project when he was injured after falling from a ladder at the worksite (the "underlying accident").

28. Records from the Project site indicate that Claimant was working on the Project at the direction of Emerald on and around the date of the underlying accident.

29. By a complaint filed on or about March 24, 2023, Claimant commenced an action titled *Felix Del Cid v. Turner Construction Company, et al.* in the Supreme Court of the State of New York, County of Bronx, Index No. 804787/2023E (the "Underlying Action"). The Underlying Action purports to assert causes of action seeking recovery for Claimant's alleged injuries from the underlying accident against Turner Construction Company and DOLP, based on theories of negligence and violations of the New York Labor Law, the New York State

Industrial Code, and OSHA. A true copy of that Verified Complaint is attached hereto as Exhibit "C".

30. In the Verified Complaint, Claimant alleges that, on the date of his accident, he was working at the premises and fell from a ladder, and that his accident was caused by the negligence of "the defendant, its agents, servants and/or employees," including, among other things, by failing to provide a safe place to work and proper equipment. *See* Ex. C, ¶¶ 36-29.

31. Claimant also alleges in the Verified Complaint that DOLP retained Emerald to work on the Project. *See* Ex. C, ¶ 55.

32. On or about September 25, 2023, Claimant amended his complaint in the Underlying Action to add similar claims of negligence and violations of the New York Labor Law and the New York State Industrial Code, and OSHA against JRM. A true copy of that Amended Verified Complaint is attached hereto as Exhibit "D".

33. Claimant's Amended Verified Complaint alleges that DOLP hired JRM to perform work at the premises, and that DOLP and/or JRM retained Emerald to perform work on the Project. *See* Ex. D, ¶¶ 55, 77-78.

## Tender to Republic

34. By letter dated May 15, 2023, Charter Oak tendered to Utica National Assurance Co., an affiliate of Republic, on behalf of DOLP seeking defense, indemnification, and additional insured status under the Republic Policy.

35. By letter dated June 21, 2023, Republic denied Charter Oak's tender.

36. By e-mail dated June 29, 2023, Charter Oak re-tendered to Republic.

37. By letter dated July 26, 2023, Republic denied Charter Oak's re-tender.

38. By way of e-mail dated October 9, 2023, Charter Oak reiterated its prior tenders on behalf of JRM.

39. Republic has not responded to Charter Oak's most recent tender.

40. Republic refuses to abide by its obligation to defend and indemnify JRM and DOLP as additional insureds in the Underlying Action.

**Charter Oak's Cause of Action for Declaratory Relief as Against Republic**

41. Charter Oak repeats and realleges the allegations contained in paragraphs 1-40 above as if set forth here in their entirety.

42. JRM and DOLP qualify as additional insureds under the Republic Policy.

43. JRM and DOLP are entitled to a defense under the Republic Policy issued to Emerald, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

44. Coverage provided to JRM and DOLP by the Republic Policy with respect to the Underlying Action is primary and non-contributory to that provided by the Charter Oak Policy.

45. Republic has refused to provide coverage to JRM and DOLP with respect to the Underlying Action.

46. Accordingly, Charter Oak seeks a declaration that Republic has an obligation to defend and indemnify JRM and DOLP as additional insureds; that the coverage provided by the Republic Policy to JRM and DOLP is primary and non-contributory; and that the obligations of Charter Oak to JRM and DOLP in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Republic Policy.

47. In addition, Charter Oak seeks an award at law and equity against Republic for recovery of all sums Charter Oak has incurred in defense of JRM and DOLP in the Underlying

Action because the coverages provided by the Republic Policy are primary and non-contributory to any coverage provided by Charter Oak.

**Prayer for Declaratory Relief**

Wherefore, Plaintiff Charter Oak prays that judgment be entered as follows:

1. Declaring that the Republic Policy was in full force and effect on the date of the alleged underlying accident.

2. Declaring that all terms of the Republic Policy have been complied with and met.

3. Declaring that the alleged underlying accident and the Underlying Action fall within the coverage afforded by the Republic Policy.

4. Declaring that Defendant Republic owes a duty to defend JRM and DOLP in connection with the Underlying Action.

5. Declaring that Defendant Republic owes a duty to indemnify JRM and DOLP in connection with the Underlying Action.

6. Declaring that Defendant Republic's coverage obligations to JRM and DOLP in connection with the Underlying Action are primary and non-contributory.

7. Declaring that the coverage obligations of Plaintiff Charter Oak under the Charter Oak Policy are excess and non-contributory to those of Defendant Republic with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Charter Oak and Defendant Republic with respect to Republic's duty to defend and to indemnify JRM and DOLP in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Charter Oak against Defendant Republic for all sums Charter Oak has paid in defending the Underlying Action.

10. Granting an award in favor of Plaintiff Charter Oak against Defendant Republic for all sums Charter Oak has paid or will pay in indemnifying JRM and DOLP in connection with the Underlying Action.

11. Granting an award in favor of Plaintiff Charter Oak for the costs of the suit incurred herein.

12. Granting such other and further relief as the Court may deem just and proper.


Dated: New York, New York
      November 8, 2023

                           USERY & ASSOCIATES

                           By: _____/s/ Amy C. Gross_____
                                  Amy C. Gross
                                  *Attorneys for Plaintiff Charter Oak Fire Insurance Company*
                                  Direct: 917.778.6462
                                  Fax: 844.571.3789
                                  Email: acgross@travelers.com

                                  <u>Please address all correspondence sent by mail to:</u>
                                  P.O. Box 2996
                                  Hartford, CT 06104-2996

                                  <u>Physical Address</u>:
                                  485 Lexington Avenue, 6th Floor
                                  New York NY 10017