UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARTER OAK FIRE INSURANCE COMPANY,

     *Plaintiff,*

-against-

REPUBLIC FRANKLIN INSURANCE COMPANY,

     *Defendant.*

Civ. Action No.:
1:23-cv-09893-JPC

**ANSWER**

---

Defendant Republic Franklin Insurance Company ("Republic"), by and through its attorneys, Goldberg Segalla LLP, hereby answers Plaintiff Charter Oak Fire Insurance Company's ("Charter Oak") complaint (the "Complaint") as follows:

### Nature of the Action

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

### Parties

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint.

### Jurisdiction and Venue

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and respectfully refers all questions of law to the Court.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and respectfully refers all questions of law to the Court.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and respectfully refers all questions of law to the Court.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and respectfully refers all questions of law to the Court.

## The Insurance Policies

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint. Additionally, the Charter Oak Policy[1] is a written instrument and the terms, conditions, and exclusions of which speak for themselves.

10. Admits the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint. Additionally, the Republic Policy is a written instrument and the terms, conditions, and exclusions of which speak for themselves.

12. Denies the allegations contained in paragraph 12 of the Complaint to the extent Charter Oak mischaracterizes or misstates the terms of the Republic Policy. The Republic Policy is a written instrument and the terms, conditions, and exclusions of which speak for themselves.

---

[1] Republic adopts the definitions contained in the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint to the extent Charter Oak mischaracterizes or misstates the terms of the Republic Policy. The Republic Policy is a written instrument and the terms, conditions, and exclusions of which speak for themselves.

14. Denies the allegations contained in paragraph 14 of the Complaint to the extent Charter Oak mischaracterizes or misstates the terms of the Republic Policy. The Republic Policy is a written instrument and the terms, conditions, and exclusions of which speak for themselves.

## Background Facts

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint. Additionally, the Subcontract is a written instrument the terms of which speak for themselves.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint. Additionally, the Subcontract is a written instrument the terms of which speak for themselves.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint. Additionally, the Subcontract is a written instrument the terms of which speak for themselves.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint. Additionally, the Subcontract is a written instrument the terms of which speak for themselves.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint except denies the allegations to the extent Charter Oak mischaracterizes or misstates the terms of the Subcontract and its exhibits. The Subcontract and its exhibits are written instruments, the terms of which speak for themselves.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint except denies the allegations to the extent Charter Oak mischaracterizes or misstates the terms of the Purchase Order and its purported exhibits. The Purchase Order and its exhibits are written instruments, the terms of which speak for themselves.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint except denies the allegations to the extent Charter Oak mischaracterizes or misstates the terms of the Purchase Order and its purported exhibits. The Purchase Order and its exhibits are written instruments, the terms of which speak for themselves.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint except denies the allegations to the extent Charter Oak mischaracterizes or misstates the terms of the Purchase Order and its purported exhibits. The Purchase Order and its exhibits are written instruments, the terms of which speak for themselves.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint except denies the allegations to the extent

Charter Oak mischaracterizes or misstates the terms of the Purchase Order and its purported exhibits. The Purchase Order and its exhibits are written instruments, the terms of which speak for themselves.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint. Additionally, the alleged records from the Project site are written documents the contents of which speak for themselves.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint. Additionally, the Underlying Action's Verified Complaint is a written document and the contents and allegations contained therein speak for themselves.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint. Additionally, the Underlying Action's Verified Complaint is a written document and the contents and allegations contained therein speak for themselves.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint. Additionally, the Underlying Action's Verified Complaint is a written document and the contents and allegations contained therein speak for themselves.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint. Additionally, the Underlying Action's

Amended Verified Complaint is a written document and the contents and allegations contained therein speak for themselves.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint. Additionally, the Underlying Action's Amended Verified Complaint is a written document and the contents and allegations contained therein speak for themselves.

**Tender to Republic**

34. Denies the allegations contained in paragraph 34 of the Complaint except admit Charter Oak tendered the defense, indemnification, and additional insured status under the Republic Policy. Additionally, the tender is a written document and the contents and allegations contained therein speak for themselves.

35. Denies Charter Oak's characterization of Republic's June 21, 2023 letter as set forth in paragraph 35 of the Complaint. Additionally, the June 21, 2023 is a written document and the contents and allegations contained therein speak for themselves.

36. Denies the allegations contained in paragraph 36 of the Complaint except admit Charter Oak tendered the defense, indemnification, and additional insured status under the Republic Policy. Additionally, the tender is a written document and the contents and allegations contained therein speak for themselves.

37. Denies Charter Oak's characterization of Republic's July 26, 2023 letter as set forth in paragraph 35 of the Complaint. Additionally, the July 26, 2023 is a written document and the contents and allegations contained therein speak for themselves.

38. Denies the allegations contained in paragraph 38 of the Complaint except admit Charter Oak tendered the defense, indemnification, and additional insured status under the

Republic Policy. Additionally, the tender is a written document and the contents and allegations contained therein speak for themselves.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint and respectfully refers all questions of law to the Court.

**Charter Oak's Cause of Action for Declaratory Relief as Against Republic**

41. Republic repeats and realleges the responses to allegations contained in paragraphs 1-40 above as if set forth here in their entirety.

42. Denies the allegations contained in paragraph 42 of the Complaint and respectfully refers all questions of law to the Court.

43. Denies the allegations contained in paragraph 43 of the Complaint and respectfully refers all questions of law to the Court.

44. Denies the allegations contained in paragraph 44 of the Complaint and respectfully refers all questions of law to the Court.

45. Denies the allegations contained in paragraph 45 of the Complaint and respectfully refers all questions of law to the Court.

46. Denies the allegations contained in paragraph 46 of the Complaint and respectfully refers all questions of law to the Court.

47. Denies the allegations contained in paragraph 47 of the Complaint and respectfully refers all questions of law to the Court.

**AS AND FOR A FIRST DEFENSE**

48.     Charter Oak has failed to state any claim or cause of action for which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

49.     Charter Oak's claims should be dismissed based on defenses founded upon documentary evidence.

**AS AND FOR A THIRD DEFENSE**

50.     Charter Oak is estopped from asserting any claims and its claims are barred, upon information and belief, by unclean hands, laches, waiver and/or estoppel.

**AS AND FOR A FOURTH DEFENSE**

51.     Charter Oak's claims should be dismissed to the extent it failed to mitigate any alleged damages.

**AS AND FOR A FIFTH DEFENSE**

52.     There is no coverage with respect to any claimant who is not an insured under the Republic Policy, including but not limited to JRM and DOLP, in connection with the claims at issue.

**AS AND FOR A SIXTH DEFENSE**

53.     The Republic Policy includes the "Additional Insured – Owners, Lessees or Contractors – Automatic Status For Other Parties When Required In Written Construction Agreement", form CG 20 38 04 13, which provides, in relevant part:

> A. Section II – Who Is An Insured is amended to include as an additional insured:
>
> 1. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and

      2. Any other person or organization you are required to add as an additional insured under the contractor agreement described in Paragraph 1. above.

Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", … **caused, in whole or in part, by**:

      a. Your acts or omissions; or

      b. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

\*    \*    \*

(emphasis added).

54.  JRM and DOLP are not additional insured's under the Republic Policy as the underlying plaintiff's injuries were not "caused, in whole or in part, by" Emerald's acts or omissions.

## AS AND FOR A SEVENTH DEFENSE

55.  Any coverage afforded by the Republic Policy would be subject to any and all limits, deductibles, retained limits, retentions, self-insured retentions and/or other limits as stated in any such policies.

## AS AND FOR AN EIGHTH DEFENSE

56.  Even if it were determined that JRM and/or DOLP or claimant were somehow covered under the Republic Policy, any such coverage would be subject to the terms of any relevant "other insurance" provision(s) of the Republic Policy and of any other relevant policies issued or available to JRM and/or DOLP or any other putative insured or claimant.  To the extent any coverage owed by Republic is "excess" of any other insurance deductibles or self-insured amounts available to JRM and/or DOLP, the Republic Policy would not provide primary coverage to JRM and/or DOLP or any other putative insured or claimant. In any event, even if the Republic Policy

is somehow found to provide primary coverage to JRM and/or DOLP or any other putative insured or claimant, said coverage would be subject to the Republic Policy's stated method of sharing under the relevant "other insurance" provision and that of any other relevant policy issued or available to JRM and/or DOLP or any other putative insured or claimant.  For this additional reason, JRM and/or DOLP is not entitled to the relief sought herein.  Republic reserves all of its rights in this regard.

## AS AND FOR A NINTH DEFENSE

57.    JRM and DOLP's claims are barred in whole or in part by the terms, exclusions, conditions, definitions and limitations in the Republic Policy.

## AS AND FOR A TENTH DEFENSE

58.    To the extent that the Complaint seeks a declaratory judgment with respect to any alleged duty of Republic or any other related or affiliated entity to indemnify JRM, DOLP, or any other putative insured or claimant in connection with the underlying action or underlying claims herein, said request would be premature insofar as the facts necessary to determine said coverage issues will be decided in the underlying action and/or any related action

## AS AND FOR AN ELEVENTH DEFENSE

59.    If at the time of trial, any issues herein have finally been determined by a tribunal or court of competent jurisdiction, JRM, DOLP, or any other putative insured or claimant will be estopped from relitigating said issues under principles of res judicata, collateral estoppel or any similar principle.

## AS AND FOR A TWELFTH DEFENSE

60.    Republic reserves the right to assert additional defenses, policy based or otherwise, upon receipt and review of all documents and other materials relevant to this matter.

**WHEREFORE**, Republic demands judgment as follows:

a. dismissing the Complaint against Republic in its entirety;

b. awarding Republic its expenses and costs; and

c. awarding Republic such other and further relief as the Court otherwise deems just and proper.

DATED: Buffalo, New York
December 27, 2023

GOLDBERG SEGALLA LLP

By: *Courtney Zucker*
Courtney H. Zucker
Jeffrey L. Kingsley
665 Main Street
Buffalo, NY 14203
(t) 716.566.5434
(f) 716.566.5401
jkingsley@goldbergsegalla.com
czucker@goldbergsegalla.com

**TO :** All Parties
*Via ECF*